**LOWENSTEIN SANDLER LLP**
Sharon L. Levine, Esq.
Nicole Stefanelli, Esq.
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

-and-

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Windsor Financial Group LLC, | Case No. 16-10097 (____) |
| Debtor. | |

**DECLARATION IN SUPPORT OF CHAPTER 11 PETITION**
**AND FIRST DAY MOTION**

Armando Ruiz, declares, pursuant to 28 USC § 1748, as follows:

**A.    Background**

1.    I am the Chief Executive Officer of the captioned debtor and debtor-in-possession (the "Debtor") and, as such I have knowledge of the facts contained herein from my own personal knowledge and from my review of the books and records maintained in the Debtor ordinary course of business.

2.    On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") thereby commencing the

- 1 -

above-captioned case (the "Chapter 11 Case"). Concurrently with this Motion, the Debtor is also filing one motion seeking "first day" relief.

3. The Debtor is acting as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Application, no trustee, examiner or committee has been requested or appointed in the Chapter 11 Case.

4. Through a license agreement with ASICS America Corporation ("ASICS"), the Debtor owned and operated ASICS retail stores in the United States.

5. Prior to the Petition Date, ASICS improperly terminated the Debtor's retail operating agreement.

6. Prior to that termination, as a loyal partner, the Debtor opened 13 ASICS retail stores – including ASICS's North American flagship store in Times Square – expanding ASICS's brand and presence in the United States.

7. In fact, in 2014, for the first time ever, ASICS America topped $1 billion in sales – a 15% gain from 2013 and the first time ASICS America surpassed Japan as the top region for ASICS. And, as recently as March 2015, ASICS America's CEO, Kevin Wulff, attributed that gain, in part, to the opening of the Debtor s' ASICS's retail stores.

8. The Debtor was forced to cease business by ASICS's wrongful conduct and intends to use the chapter 11 process to sue ASICS for its misconduct and fraud in the hopes of using those litigation proceeds to provide a distribution to creditors and equity. To fund the prosecution of this litigation by Windsor, Mickey Segal agreed to provide funding (the "Funding Loan"), in the principal amount of $80,000 plus such other amounts as may be advances in Mr. Segal's sole discretion, plus interest in the amount of 10% per annum. The Funding Loan shall

be paid in full from any recoveries from the litigation (the "Litigation Proceeds") before distributions are made to creditors or equity.

**B.    Prepetition Secured Debt[1]**

9.    The Debtor and First Republic Bank are parties to that certain Loan Agreement dated as of November 20, 2013, as modified by that certain Modification Agreement dated as of February 10, 2015 (the "Loan Agreement"), pursuant to which First Republic Bank made available to the Debtor a line of credit in the maximum principal amount of $4,860,000 (the "Loan"), which is evidenced by that certain Amended and Restated Promissory Note dated as of February 10, 2015 (the "Note").

10.    In conjunction with the Loan Agreement, certain third-parties executed a certain Guaranty dated as of November 20, 2013, as reaffirmed by that certain Reaffirmation of Multiple Guaranties dated as of February 10, 2015, in favor of First Republic Bank.

**C.    Debtor's Motion for Entry of an Order Pursuant to Fed. R. Bankr. P. 1007(b) and (c) and Del. Bankr. L.R. 1007-1(a) Extending the Time Within Which the Debtor Must File Their Schedules and Statements of Financial Affairs (the "Schedules Extension Motion")**

11.    Pursuant to Bankruptcy Rule 1007(c), schedules, statements, and other documents must ordinarily be filed along with the chapter 11 petition, or within fourteen (14) days thereafter. *See* Bankruptcy Rule 1007(c). However, courts are authorized to grant an extension of time to file such schedules, statements and other documents "for cause shown." *Id*.

12.    Under the circumstances of this Chapter 11 Case, the Debtor believes that cause exists to grant an extension of time to file schedules. Due to the number of creditors involved and the limited staffing available to gather and process the substantial volume of information that

---

[1]    Nothing contained herein constitutes an admission or acknowledgment that any claims, liens or security interests described and identified in this Motion are valid, enforceable, perfected, allowable, or not subject to disputes, counterclaims, or offsets.

- 3 -

would be required to complete the Schedules and Statements, the Debtor does not believe the fourteen (14) day period provided for under Bankruptcy Rule 1007(c) will be sufficient to complete the Schedules and Statements.

13. Accordingly, the Debtor respectfully requests that the Court extend, by an additional thirty (30) days, the date by which the Schedules and Statements are required to be filed, setting a deadline for such filing of forty-five (45) days from the Petition Date, without prejudice to the Debtor's rights to seek further extensions of such deadline.

14. I believe that extension of these deadlines is in the best interests of the Debtor and its estate and respectfully submit that the Schedules Extension Motion should be approved.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 15, 2016

                                        */s/ Armando Ruiz*
                                        Armando Ruiz, Chief Executive Officer
                                        of Windsor Financial Group LLC